IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR RODGERS, #250-908,
    Plaintiff,

v.                       CIVIL ACTION NO. RWT-05-1712

MARVIN ROBBINS,
    Defendant.

******

## MEMORANDUM OPINION

On June 23, 2005, Plaintiff, a state inmate presently housed at the Jessup Correctional Institution [JCI] in Jessup, Maryland, filed the instant 42 U.S.C. §1983 civil rights action alleging that he has been subjected to improprieties regarding his efforts to utilize the Administrative Remedy Procedure (ARP). He seeks injunctive relief and compensatory damages. (Paper No. 1). Counsel for Defendant has filed a Motion to Dismiss. (Paper No. 14). Counsel for Plaintiff[1] has filed a reply to which Plaintiff has filed a surreply.[2] (Paper Nos. 22 and 25). No hearing is needed to resolve the question as to whether Plaintiff's Complaint is subject to dismissal. See Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant's Motion to Dismiss shall be denied.

### 1. Factual Background

Plaintiff claims that Defendant refused to acknowledge that Division of Correction officials at the institutional and headquarters level fail to adhere to the statutes, regulations, and directives governing the processing of inmate grievances filed through ARP. (Paper No. 1). Plaintiff claims that the arbitrary application of ARP has adversely impacted his ability to access the state and federal courts. (Id.)

## 2. Standard of review

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U. S. 69, 73 (1989) (citing Conley v. Gibson, 355 U. S. 41, 45-46 (1957)). "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." Revene v. Charles County Commissioners, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." Finlator v. Powers, 902 F.2d 1158, 1160 (4th Cir. 1990) (citing Jenkins v. McKeithen, 395 U. S. 411 (1969)).

## 3. Analysis

The Administrative Remedy Procedure was instituted by the Maryland Division of Corrections to provide inmates an informal and formal process for the resolution of complaints and problems; an inmate may utilize this process to resolve institutional issues. See Division of Correction Directive 185-100, et seq. Therefore, where an inmate is experiencing problems regarding the conditions of his confinement, he may attempt to resolve the problem by means of the remedy process. If an inmate is dissatisfied with the remedy response provided by the Warden, he may appeal that response from the Warden to the Commissioner of Corrections. If dissatisfied with the response of the Commissioner, the inmate may appeal to the Executive Director of the Inmate Grievance Office. Finally, if the inmate is still dissatisfied, he may resort

to the state courts. Thus, when an inmate is dissatisfied with an ARP response, he may proceed to the next state administrative or judicial appellate step in order to gain the relief he seeks. Alternatively, if a colorable federal claim has been stated by the grievance stated in the ARP, the inmate may file a civil action in this Court, after first exhausting his administrative remedies.

Defendant, relying on Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), maintains that there is no constitutional right to a prison grievance procedure nor to access to it if one has been established and thus Plaintiff's complaint is subject to dismissal. (Paper No. 14). Plaintiff, through counsel, focuses on the interplay of the ARP process and the Prison Litigation Reform Act ["PLRA"], enacted after the decision in Adams. The PLRA generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also Woodford v. Ngo, 126 S.Ct. 2378, 2382-83 (June 22, 2006) (exhaustion of administrative remedies is mandatory and must be proper). The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to a prisoner plaintiff's allegations concerning both individual incidents of prison life and ongoing conditions of confinement. In this district, unless a prisoner plaintiff can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion

as a defense, a prisoner civil rights complaint is subject to dismissal. See Chase v. Peay, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. See Chase, 582 F.Supp.2d at 530; Gibbs v. Bureau of Prisons, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); Booth v. Churner, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review). In Maryland, filing a request for administrative remedy within fifteen days of the incident triggering the complaint with the warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners. If the request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction. If the appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. See Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03. At this juncture, a prisoner may elect to file a complaint in this court.

Defendant also claims that the Complaint should be dismissed because he is entitled to

qualified immunity. When considering whether a defendant is entitled to avail himself of a qualified immunity defense, this court must consider whether, at the time of the claimed violation, this right was clearly established and "whether a reasonable person in the official's position would have known that his conduct would violate that right." Rish v. Johnson, 131 F. 3d 1092, 1095 (4th Cir. 1997) (citation omitted). Defendant relies on the Fourth Circuit's ruling in Adams to support his claim to qualified immunity. In light of the clear pronouncement regarding exhaustion of administrative remedies embodied in the PLRA, the court cannot say at this time whether Defendant would be entitled to qualified immunity as to any due process claim regarding irregularities in the ARP. As to Plaintiff's claim that he has been denied access to the courts, the court finds, on the record before it, that Defendant is not entitled to qualified immunity. The right of prisoners to access both the state and federal courts has long been recognized. See Ex parte Hull, 312 U.S. 546 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). Given the clear directive regarding exhaustion found in the PLRA the Court finds that a reasonable person would know that improper administration of the ARP would adversely impact a prisoner's ability to access the courts. Accordingly, Defendant's Motion to Dismiss based on the defense of qualified immunity is denied without prejudice.

### 4. Conclusion

Plaintiff alleges that the ARP process is not administered in accordance with the applicable statutes, regulations and directives. He further alleges that the systemic failure to administer the ARP process in a clear and consistent manner has adversely impacted his ability to access both the state and federal courts. Based upon the parties' submissions, the undersigned does not find that dismissal of the complaint at this juncture is appropriate. A separate Order

shall be entered denying the motion to dismiss without prejudice. A separate scheduling Order which provides Plaintiff, through counsel, an opportunity to amend the complaint and initiate discovery shall also be entered.

August 10, 2006
Date

Roger W. Titus
United States District Judge

---

[1] Counsel entered an appearance on Plaintiff's behalf subsequent to Plaintiff filing the Complaint pro se.

[2] Also pending is a Consent Motion for Extension of Time to File a Response. (Paper No. 21). The Motion shall be granted nunc pro tunc.